Luther Wickline v. Commissioner.
Wickline v. Commissioner
Docket No. 7700-70 SC.
United States Tax Court
T.C. Memo 1971-205; 1971 Tax Ct. Memo LEXIS 130; 30 T.C.M. (CCH) 855; T.C.M. (RIA) 71205; August 18, 1971, Filed. Luther Wickline, pro se, 21184 Cass, Farmington, Mich.Patrick R. McKenzie, for the respondent. CALDWELL
Memorandum Findings of Fact and Opinion CALDWELL, Commissioner: The respondent determined a deficiency in petitioner's income tax for the calendar year 1968, in the amount of $351.38. When the case was called for trial, the petitioner conceded the correctness of the two adjustments in the notice of deficiency for that year: (1) disallowance of a dependency deduction for petitioner's daughter; and (2) disallowance of the use of head of household rate by petitioner for 1968. However, petitioner and respondent orally stipulated at the trial that the Court consider a third matter, whether *131 petitioner was entitled to a deduction for a casualty loss in the amount of $800 for 1968. Findings of Fact Petitioner Luther Wickline is an individual whose residence was 21184 Cass, Farmington, Michigan, at the time he filed his petition. He filed an individual income tax return for 1968, with the district director of internal revenue at Detroit, Michigan. In March or April 1968, petitioner was involved in a three-car accident on Telegraph Road in Wayne County, Michigan. Petitioner was driving a 1966 Ford pick-up truck which he had purchased in 1966 for $2,350. Petitioner's truck was struck by a vehicle, which had itself been struck by a third vehicle and thereby thrown into a collision with petitioner's truck. The third vehicle continued on its way without stopping, and the identity of the driver of the third car has never been discovered. Thereafter in October 1968, petitioner traded in the damaged 1966 pick-up truck on a new 1969 Ford pick-up truck. Petitioner was allowed a trade-in value of $400 on the 1966 pick-up. Without the damage sustained in the accident described above, a trade-in value of $1200 would have been allowed. Petitioner made claim against the insurance *132 company which insured the driver of the vehicle which had actually collided with petitioner's truck, but the insurance company refused to pay petitioner any amount on his claim on the ground that the accident had been caused by an unidentified motorist. Petitioner did not carry collision insurance on his 1966 pick-up truck. Petitioner had, however, made payment into the Michigan Uninsured Motorists Fund. Petitioner did not make any claim against that fund. Opinion Petitioner did not claim any deduction on his return for 1968 for a casualty loss arising out of the automobile accident described in the Findings of Fact. However, as stated above, he and the respondent orally stipulated at the trial that the Court should consider and decide the issue of whether petitioner was entitled to such a deduction. Section 165, Internal Revenue Code of 1954, so far as here material, provides: Sec. 165. LOSSES (a) General Rule. - There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. * * * (c) Limitation on Losses of individuals. - In the case of an individual, the deduction under subsection *133 (a) shall be limited to 856 (3) losses of property not connected with a trade or business, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft. A loss described in this paragraph shall be allowed only to the extent that the amount of loss to such individual arising from each casualty, or from each theft, exceeds $100. * * * The accident in which petitioner's truck was involved is an "other casualty" within the meaning of section 165(c)(3). There is no doubt in our mind that petitioner sustained a loss in the damage to his truck arising out of that casualty. Our focus thus narrows to a determination of the factual question as to the amount of the loss. Using our best judgment in appraising the record on this factual issue, we hold that the amount of that loss was $800. The statute provides that a deductible loss be not "compensated for by insurance or otherwise." Petitioner carried no collision insurance himself and so could not file a claim with an insurer of his own. He sought, unsuccessfully, to recover from the insurance company whose policy covered the vehicle which collided with petitioner. Respondent's counsel elicited from petitioner *134 on cross-examination testimony to the effect that he had paid money into the Michigan Uninsured Motorists Fund and that he could have made a claim against the fund. Petitioner is not a lawyer, and we think he was mistaken in his testimony that he could have made a claim against the Michigan Uninsured Motorists Fund. See section 9.2224, Michigan Statutes Annotated (Michigan Vehicle Code 524) which provides that the fund maintained for the purpose of satisfying judgments for damages, obtained against a depositor in the fund. The identity of the driver of the third vehicle in the accident has never become known. Petitioner did not, and could not, bring suit against that driver. We hold that petitioner sustained a casualty loss of $800, which under the limitation of section 165(c)(3), is deductible to the extent of $700. Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered under Rule 50.